UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY A. SCHERER,

        Plaintiff,

v.

Case No. 1:08-cv-615
Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on June 11, 1969, and completed the 11th grade (AR 118, 385).[1] He alleged a disability onset date of March 2, 1996, which was later amended to April ("not the first") 2001 (AR 12, 87, 118). Plaintiff had previous employment as a rough carpenter and finish carpenter (AR 134). Plaintiff identified his disabling conditions as closed head injury, and problems with his back, neck, memory, vision, migraine and myasthenia gravis (AR 149). Plaintiff filed an application for DIB on December 6, 2004 (AR 12). On September 11, 2007, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a partially favorable decision (AR 12, 31-41). The ALJ found that plaintiff suffered from severe impairments of right wrist nerve

---

[1] Citations to the administrative record will be referenced as (AR "page #").

laceration, back disorder, depression, and testicular cancer (AR 33). The ALJ's decision concluded that plaintiff became disabled effective November 1, 2006 due to carcinoma and was not disabled at any time prior thereto (AR 12, 31-41).

This appeal involves the ALJ's second decision entered on January 10, 2008, which corrected the agency's erroneous calculation of plaintiff's last insured date as set forth in the September 11, 2007 decision (AR 12-24). As the ALJ explained:

> [T]he claimant did not fulfill the insured-status requirements of the Act at any time after March 31, 2004. Thus, he is not entitled to a period of disability or disability insurance benefits in accordance with his established disability date of November 1, 2006. The date last insured of March 31, 2004 was overlooked in error when the partially favorable disposition issued.
>
> Therefore, the Administrative Law Judge has reopened and revised the decision dated September 11, 2007 in accordance with 20 CFR 404.987 et seq. The Administration apologizes for any inconvenience the oversight caused.

(AR 12). The ALJ further determined that while plaintiff had carcinoma which caused significant pain by August 2005, the carcinoma had only a minimum impact on his ability to perform work activity prior to March 2004 (AR 17-18). Because plaintiff's disabling condition (carcinoma) developed after the last insured date of March 31, 2004, the ALJ's second decision denied plaintiff benefits. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."

> Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

As a preliminary matter, the ALJ re-opened the partially favorable decision entered on September 11, 2007 (AR 14-15). At step one, the ALJ found that plaintiff was insured for benefits from his amended onset date of April (not the first) 2001 through March 31, 2004, but at no time thereafter, and that plaintiff did not engage in substantial gainful activity during that three year time period (AR 15). At step two, the ALJ found that during this insured period, plaintiff suffered from severe impairments of: status-post right-wrist nerve laceration and had a spinal disorder and depression (AR 15). At step three, the ALJ found that through the date last insured of March 31, 2004, plaintiff did not have an impairment or combination of impairments that met or equaled the

4

requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1(AR 18). The ALJ decided at the fourth step that, through the date last insured of March [31], 2004, plaintiff had the residual functional capacity (RFC):

> to perform simple, light work, not requiring more than occasional climbing of ladders, ropes and scaffolding, more than occasional crawling, must avoid constant pushing or pulling with the right wrist, and must avoid concentrated exposure to extremes of cold, wet, vibration and hazards, including but not limited to, machinery and heights.

(AR 20). The ALJ also found that plaintiff was unable to perform her past relevant work (AR 22).

At the fifth step, the ALJ determined that plaintiff had the RFC to perform a range of light work, which includes 40,000 jobs in the regional economy (identified as Michigan) (AR 23). Accordingly, the ALJ determined that plaintiff was not under a disability at any time from "April not-the-first 2001 through March 31, 2004" (AR 24).

### III. ANALYSIS

Plaintiff raises the following issue on appeal:

**The decision of the ALJ and Commissioner holding that plaintiff is not disabled within the meaning of the Social Security Act is not supported by substantial evidence.**

#### A. Plaintiff cannot perform light work

First, plaintiff contends that during the time period at issue, he could not perform light work on a regular basis. The regulations define the physical exertional requirements of "light work" as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If

> someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). Plaintiff contends that he cannot perform light work due to, among other impairments, severe cervical radiculopathy, decreased or weak grip strength in his dominant arm and limping gait.

The ALJ cites a physical RFC assessment prepared by a non-examining DDS physician in February 2005 (the "2005 RFC assessment"), which concluded that plaintiff could perform *medium* work (i.e., lifting 50 pounds occasionally and 25 pounds frequently) (AR 22, 219). *See* 20 C.F.R. § 404.1567(c). Although the ALJ stated that he accorded the 2005 RFC assessment deference, he failed to do so, because he ultimately found that plaintiff could only perform light work (AR 20, 22). The ALJ decision does not cite any studies or opinions which state that plaintiff can perform light work. In addition, the ALJ provides no explanation for finding that plaintiff had the ability to perform light work as opposed to sedentary work. Defendant's brief notes plaintiff's manual limitations and spinal limitations, but does not address the ALJ's failure to explain his conclusion that plaintiff could perform light work. Defendant's Brief at 6-8. "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985), *quoting Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir.1984).

Under these circumstances, this matter should be reversed and remanded pursuant to sentence-four of 42 U.S.C. § 405(g) for a re-evaluation of plaintiff's RFC and for a specific explanation analyzing the conclusion that plaintiff has the ability to perform light work.

**B.     ALJ's hypothetical question was flawed**

Next, plaintiff contends that the ALJ's hypothetical question was flawed and that the record did not support the conclusion that plaintiff could perform 40,000 jobs at the light exertional level.  The court agrees, but finds this error harmless.  An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs.  *Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question which accurately portrays the claimant's physical and mental impairments.  *Id.*  However, a hypothetical question need only include those limitations which the ALJ accepts as credible.  *See Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990).  *See also Stanley v. Secretary of Health and Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals").

The ALJ's first hypothetical question posed to the VE assumed that plaintiff could perform medium exertional work with the non-exertional limitations as set forth in the ALJ's RFC determination (i.e., the hypothetical person was limited to performing simple work, avoiding constant pushing and pulling with the right wrist, occasionally climbing ladders and scaffolds, etc.) (AR 20, 415-16).  In response, the VE testified that plaintiff could perform 24,000 assembler jobs at the medium exertional level, and 16,000 assembler jobs at the light exertional level (AR 416). When asked a second hypothetical question, which assumed that plaintiff could perform work only at the light exertional level, the VE apparently testified that the 16,000 light assembler jobs would

be applicable (AR 416-17). Plaintiff points out that the VE's answer to the second hypothetical question is unknown, because the VE's response is partially inaudible (AR 417). Plaintiff is correct. However, it appears to the court that the second hypothetical question was unnecessary, because the VE's answer to the first question clearly identified 16,000 jobs at the light exertional level.

In *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988), the Sixth Circuit found that 1,350 to 1,800 jobs in the Dayton, Ohio, area was significant number in that case. In reaching its determination, the court observed that there is no "magic number" that represents a "significant number" of jobs. *Id.* "The decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Id.* The judge may consider factors such as: vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of traveling to engage in the assigned work; the isolated nature of the jobs; and the types and availability of such work. *Id.*

The Sixth Circuit also considered the relevant statute and regulation. The definition of disability in 42 U.S.C. § 423(d)(2)(A), which states in pertinent part that "'work which exists in the national economy' means work that exists in significant numbers either in the region where such individual lives or in several regions of the country." *Id.* at 274-75. Finally, the applicable regulation, 20 C.F.R. § 404.1566(b), provides in pertinent part:

> Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications. Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where you live are not considered "work which exists in the national economy". We will not deny you disability benefits on the basis of the existence of these kinds of jobs.

*Id.* at 275.

This is not a case where the claimant has numerous non-exertional restrictions that limited him to an extremely narrow range of light work. Plaintiff does not contest the VE's testimony with respect to the first hypothetical question. In addition, the position of "assembler" is not an isolated job in Michigan. Courts have held that as few as 500 jobs can meet the *Hall v. Bowen* criteria. *See Born v. Secretary of Health and Human Services*, 923 F.2d 1168, 1174-75 (6th Cir. 1990), citing *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988). Given these considerations, the existence of 16,000 assembler jobs at the light exertional level is clearly sufficient to establish a "significant number" of jobs that plaintiff can perform.

While the ALJ's decision incorrectly stated that plaintiff could perform 40,000 jobs, a remand in this regard will serve no purpose, because the VE's testimony established that plaintiff could perform a significant number of jobs at the light exertional level. "No principle of administrative law or common sense requires [this court] to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir.1989). Nevertheless, if the Commissioner determines on remand that plaintiff *cannot* perform light work, then this hypothetical will be irrelevant and the Commissioner will need to obtain new vocational evidence at step five of the sequential evaluation.

**IV.    Recommendation**

For the reasons discussed, I respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate plaintiff's ability to perform light work, and determine the subsequent outcome accordingly.


Dated:  June 17, 2009                                         /s/ Hugh W. Brenneman, Jr.
                                                              HUGH W. BRENNEMAN, JR.
                                                              United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).