UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY A. SCHERER,

    Plaintiff,

CASE NO. 1:08-CV-615

v.

HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This matter is before the Court on Plaintiff Jeffrey Scherer's Application for Costs, Attorney Fees and Expenses Under the Equal Access to Justice Act (docket # 17). The United States has responded to Petitioner's motion (docket # 18), and Mr. Scherer has filed a reply (docket # 19).

### BACKGROUND

The Commissioner of the Social Security Administration denied Plaintiff Jeffrey Scherer's application for disability insurance benefits under the Social Security Act on January 10, 2008, because the Administrative Law Judge concluded that Mr. Scherer's disabling condition developed after his last insured date. The Appeals Council denied Mr. Scherer review of the ALJ's decision. On judicial review of the ALJ's decision, the Magistrate Judge recommended (docket # 15) that the Commissioner's decision be reversed and remanded because the ALJ had provided no explanation or support for its finding that Mr. Scherer could perform light work. After reviewing the record de novo, the Court reversed the Commissioner's decision and remanded pursuant to sentence four of 42 U.S.C. § 405(g), and ordered that the Commissioner re-evaluate Mr. Scherer's ability to

perform light work (docket # 16). Mr. Scherer then filed a motion under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), seeking attorney fees and expenses (docket # 17).

**ANALYSIS**

Under the EAJA, "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against" the Government, 28 U.S.C. § 2412(b), "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust," 28 U.S.C. § 2412(d)(1)(A). Here, Mr. Scherer obtained a sentence four remand, and he therefore qualifies as the prevailing party in a proceeding for judicial review of agency action. *See id.*; *see also Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). Here, however, Mr. Scherer is not entitled to his fees and expenses under the EAJA because the Court finds that the position of the United States was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A).

The determination of whether the agency's position was substantially justified is a question of reasonableness. *See Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988). A federal agency's position is substantially justified if it is justified to a degree that would satisfy a reasonable person. *See id.* at 565 (holding that under the EAJA, "substantially justified" means "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person" (internal quotation marks omitted)). This standard requires more than that the action not be frivolous, *id.* at 566, but it is a lower standard than the issue of whether the final decision of the Commissioner should be upheld as supported by substantial evidence, *see id.* at 569.

Here, the position of the Government was "justified to a degree that could satisfy a reasonable person." *See id.* at 565. The ALJ stated that he accorded deference to a 2005 RFC

2

assessment that found Mr. Scherer capable of performing medium work. The ALJ concluded without further elaboration, however, that Mr. Scherer was capable only of light work, and thereby demonstrated that he did not entirely defer to the 2005 RFC assessment. Nevertheless, as the Magistrate Judge found, it is possible to read the ALJ's conclusion and the Government's position that Mr. Scherer is capable of light work as consistent with the facts of the case, and it was reasonable for the Government to contend that Mr. Scherer was capable of light work. *See id.* at 565, 569. Accordingly, Mr. Scherer does not qualify for fees or expenses under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A); *Pierce*, 487 U.S. at 565.

**ACCORDINGLY, IT IS ORDERED** that Mr. Scherer's motion for costs, fees and expenses under the EAJA (docket # 17) is **DENIED**.

Dated: October 1, 2009

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE